IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| RODQUEUS BOWENS,<br>    Petitioner,<br><br>                v.<br><br>MARTY ALLEN,<br>    Respondent. | Civil Action No.<br>1:23-cv-05689-SDG |

**OPINION AND ORDER**

This matter is before the Court on the Final Report and Recommendation (R&R) entered by United States Magistrate Judge John K. Larkins, III, who recommends that Petitioner Rodqueus Bowens's 28 U.S.C. § 2254 petition for a writ of habeas corpus be denied. Bowens objected. For the following reasons, Bowens's objections [ECF 16] are **OVERRULED**, and the R&R [ECF 11] is **ADOPTED** as the Order of the Court. The petition for a writ of habeas corpus [ECF 1] is **DENIED** and the Court **DECLINES** to issue a certificate of appealability.

**I.   Background**

Bowens, an inmate at Telfair State Prison in Helena, Georgia, filed this action to challenge his 2010 convictions and sentences in the Fulton County, Georgia Superior Court for felony murder, aggravated assault with a deadly weapon, possession of a firearm during the commission of a felony, and possession of a

1

firearm by a convicted felon.[1] After the Georgia Supreme Court affirmed the convictions and sentences, *Bowen v. Georgia*, 299 Ga. 875 (2016), and Bowens unsuccessfully sought habeas corpus relief in state court,[2] he filed the instant petition raising five grounds for relief.[3] With respect to Grounds 1 through 4, Judge Larkins concluded that the Court must, pursuant to 28 U.S.C. § 2254(d), defer to the state court's reasonable conclusion that Bowens is not entitled to relief. Judge Larkins further determined that Ground 5 was untimely under 28 U.S.C. § 2244(d).

## II.    Legal Standard

A district judge has a duty to conduct a "careful and complete" review of an R&R. *Williams v. Wainwright*, 681 F.2d 732, 732 (11th Cir. 1982). The Court reviews *de novo* any portion of an R&R to which a proper objection is raised. 28 U.S.C. § 636(b)(1). The party challenging an R&R must file written objections that identify the portions of the proposed findings and recommendations objected to and must assert a specific basis for each objection. *United States v. Schultz*, 565 F.3d 1353, 1361 (11th Cir. 2009). The Court may, but is not obligated to, consider novel evidence and substantive legal and factual arguments raised for the first time in an

---

[1]    ECF 1, at 1.

[2]    ECF 9-11.

[3]    ECF 1.

objection. *Williams v. McNeil*, 557 F.3d 1287, 1292 (11th Cir. 2009). But the Court need only review for clear error those portions of an R&R to which no objection is made. *Macort v. Prem, Inc.*, 208 F. App'x 781, 784 (11th Cir. 2006). Nor need the Court consider frivolous, conclusive, or general objections. *Marsden v. Moore*, 847 F.2d 1536, 1548 (11th Cir. 1988). The Court retains broad discretion to accept, reject, or modify a magistrate judge's proposed findings and recommendations. 28 U.S.C. § 636(b)(1); *Williams*, 557 F.3d at 1290-92.

### III.   Discussion

In his objections, Bowens challenges Judge Larkins's conclusions only as to Grounds 1, 3, and 5. The objections related to Grounds 1 and 3 largely rehash Bowens's arguments that he is entitled to § 2254 relief on his claims; the objections fail to point out any error by the magistrate judge. "[G]eneral objections to a magistrate judge's report and recommendation, reiterating arguments already presented, lack the specificity required by Rule 72 and have the same effect as a failure to object." *Chester v. Bank of Am., N.A.*, 1:11-CV-1562-MHS, 2012 WL 13009233, at *1 (N.D. Ga. Mar. 29, 2012). Accordingly, many of Bowens's Grounds 1 and 3 objections are of the sort the Court need not consider. *Marsden*, 847 F.2d at 1548. As to Ground 5, Bowens did not demonstrate that he timely raised the issue.

**1.    Ground 1**

The Court addresses only Bowens's properly stated objections for Ground 1. He contends that his appellate counsel was ineffective for not raising a claim that his trial counsel was ineffective for failing to be prepared for trial. Bowens asserts that Judge Larkins did not correctly evaluate trial counsel's statements made during an ex parte conference before the criminal trial.[4] During that hearing, trial counsel (a public defender) stated that he was overworked because the legislature had limited the funds available to his office and he could not replace a lawyer who had resigned.[5] Trial counsel further admitted that he had not been able to meet with Bowens as much as he would have liked.[6] But counsel also told the judge that he did not have any problem going forward to represent Bowen. "I'm ready to represent him. . . . I have what I need. I'm ready to represent him. I'm going to give him an adequate defense and other than that, I don't see what the problem is."[7] Trial counsel further testified at the state habeas corpus hearing

---

[4]   ECF 16, at 14–23. The transcript of the ex parte hearing is part of the record in this case. ECF 9-17, at 154–73. From that transcript, it appears that Bowens's trial counsel requested the hearing because Bowens wanted to complain to the trial court that he was dissatisfied with counsel—mainly because Bowens felt he had not had sufficient time to discuss the case with his attorney.

[5]   ECF 9-17, at 164–65. The lawyer who resigned initially represented Bowens.

[6]   *Id.*

[7]   *Id.* at 166.

that he was adequately prepared for trial and that he provided Bowens with an able defense.[8]

Similarly, appellate counsel testified during the state habeas proceeding that, on appeal, he raised the grounds he believed were the most meritorious.[9] Based on his review of the case file and transcript, appellate counsel "felt that trial counsel had raised the best defense possible given the facts and circumstances of the case." Appellate counsel thus declined to raise a claim that trial counsel was ineffective for failing to adequately prepare.[10]

Based on the full record, rather than the select excerpts on which Bowens relies, the Court agrees with the R&R that the state habeas corpus court had a reasonable basis to conclude that neither trial nor appellate counsel were ineffective. Judge Larkins properly evaluated the evidence in concluding that the state court's denial of Bowens's Ground 1 was reasonable and entitled to deference under § 2254(d).

### 2. Ground 3

As to Ground 3, Bowens contends that his appellate counsel was ineffective for failing to raise a claim that trial counsel was ineffective for failing to preserve

---

[8]  ECF 9-13, at 17, 21–22, 24–27, 28–30, 32, 34, 63–64.

[9]  ECF 9-14, at 14, 61.

[10]  *Id.* at 15–16.

a claim for appeal. At Bowens's criminal trial, during voir dire, trial counsel requested that he be able to question prospective jurors about whether they would be biased against Bowens because of his criminal record, and the trial court denied the request.[11] Appellate counsel raised the issue in Bowens's direct appeal (but not as an ineffective assistance claim); the Georgia Supreme Court held that the claim had not been preserved. *Bowen*, 299 Ga. at 878. The state habeas corpus court determined that Bowens could not show prejudice (as required to establish the ineffective assistance claim).[12] Judge Larkins concluded that determination was reasonable under § 2254(b).[13]

Bowens objects that Judge Larkins erred because appellate counsel was deficient for failing to raise this claim on appeal as an ineffective assistance of trial counsel claim. Bowens argues that appellate counsel thought the claim was good enough to raise, but that counsel failed to realize that it had not been preserved for appeal as a trial error (such that the only way to successfully raise the issue was as an ineffective assistance claim).[14] He objects that appellate counsel's testimony during the state habeas court's evidentiary hearing "speaks volumes as to [his]

---

[11]   ECF 9-18, at 11–13.

[12]   ECF 9-9, at 15–17 (discussing, *inter alia*, *Strickland v. Washington*, 466 U.S. 668, 694 (1984)).

[13]   ECF 11, at 18–19.

[14]   ECF 16, at 4–10.

incompetence."[15] But whether appellate counsel's actions were deficient is irrelevant if Bowens cannot demonstrate prejudice. *Strickland v. Washington*, 466 U.S. 668, 687 (1984) (holding that establishing a claim of ineffective assistance requires a demonstration of both deficient performance and prejudice). Nor has Bowens shown how the state habeas court's conclusion that he failed to establish prejudice (because of the weight of the evidence against him)[16] was not reasonable. Even if both trial and appellate counsel were deficient, Bowens has not argued that the outcome of his trial and appeal were affected because of his counsel's inability to ask the questions about bias. The state habeas court's conclusion is therefore entitled to deference. Bowens has failed to demonstrate that he was entitled to relief on Ground 3.

### 3. Ground 5

Finally, Bowens timely filed his petition under 28 U.S.C. § 2244(d)'s statute of limitations. He later raised Ground 5 in his brief in support of the petition.[17] Judge Larkins concluded that this was *after* the limitations period had run.[18] Since Ground 5 did not relate back to the date of the original petition, Judge Larkins

---

[15]  *Id.* at 12.

[16]  ECF 9-9, at 17.

[17]  ECF 10.

[18]  ECF 11, at 21–25.

determined that the claim was untimely and recommended that it be dismissed.[19] Bowens objects that the R&R incorrectly calculated when the limitations period began to run and that Ground 5 was timely raised.

The one-year statute of limitations applicable to § 2254 petitions began to run on "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). The Georgia Supreme Court affirmed Bowens's convictions on October 31, 2016. *Bowen*, 299 Ga. 875. Judge Larkins determined that Bowens's convictions became final under § 2244(d)(1)(A) ninety days later—on January 30, 2017—when the time to file a petition for certiorari review with the United States Supreme Court expired.[20] Accounting for statutory tolling, Judge Larkins concluded that the limitations period for Bowens's habeas petition ran on January 29, 2024, rendering Ground 5—filed on January 31—untimely by two days.[21]

Bowens objects that Judge Larkins erred by failing to account for the fact that, under Georgia Supreme Court Rule 27, he had ten days to file a motion for reconsideration after that court affirmed his convictions. According to Bowens, the ninety-day period to file a petition for certiorari with the United States Supreme

---

19   *Id.* at 22.

20   *Id.*

21   *Id.* at 22–23.

Court did not begin to run until the period to move for reconsideration with the Georgia Supreme Court expired.[22] That is incorrect. A petition for certiorari to the United States Supreme Court must be filed within ninety days "of the appellate court's entry of judgment on the appeal or, *if a motion for rehearing is timely filed*, within 90 days of the appellate court's denial of that motion." *Close v. United States*, 336 F.3d 1283, 1285 (11th Cir. 2003) (emphasis added). The ninety-day period for filing a petition for certiorari is extended only if a party in fact files a motion for a rehearing. U.S. Sup. Ct. R. 13.3. Bowens did not file such a motion with the Georgia Supreme Court. Thus, no extension of time applied to his deadline to seek certiorari with the United States Supreme Court. Judge Larkins correctly calculated the applicable limitations period. Ground 5 was not timely.

## IV.  Conclusion

Bowens's objections [ECF 16] to the R&R are **OVERRULED**. The R&R [ECF 11] is **ADOPTED** as the Order of the Court. Bowens's petition for a writ of habeas corpus [ECF 1] is **DENIED**. Further, the Court agrees with Judge Larkins's conclusion that a certificate of appealability should not issue because Bowens failed to make a substantial showing of a denial of a constitutional right. 28 U.S.C. § 2253(c)(2).[23] Resolution of the issues presented is not debatable by reasonable

---

22   ECF 16, at 3–4.

23   ECF 11, at 26.

jurists. *Lambrix v. Sec'y, Fla. Dep't of Corr.*, 851 F.3d 1158, 1169 (11th Cir. 2017). Accordingly, the Court **DECLINES** to issue a certificate of appealability.

If Bowens wants appellate review of this Order, he may seek a certificate of appealability from the Eleventh Circuit Court of Appeals under Federal Rule of Appellate Procedure 22. R. 11(a), R. Governing § 2254 Cases in the U.S. Dist. Cts. The Clerk is **DIRECTED** to mail a copy of this Order to Bowens. The Clerk is further **DIRECTED** to close this case.

**SO ORDERED** this 3rd day of January, 2025.

                                                          Steven D. Grimberg
                                                        United States District Judge